**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

THOMAS COYLE and PAUL BRIGHT,

    Plaintiffs,

        v.

BOBDANCO, INC., et al.,

    Defendants.

Civil No. 13-5420 (RMB/JS)

**MEMORANDUM ORDER**

This matter comes before the Court upon its own motion. The Court conducted an in person conference with the parties on October 30, 2013 and subsequently issued an Order to Show Cause as to why the above-captioned matter should not be sua sponte transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) due to this matter's substantial similarity to a litigation already pending in that Court before the Honorable Juan R. Sanchez, Civil Action No. 13-1821, Bobdanco, Inc., v. Thomas Coyle et al.

Both Plaintiffs and Defendants have filed a response to this Court's Order, advising the Court that they do not oppose transfer of this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). [Dkt. Ents. 13-1 & 14].

This Court may transfer this case to a district where it might have been brought for "the convenience of parties and

1

witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Court has broad discretion in exercising such power. Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995). When deciding whether to transfer a case pursuant to Section 1404(a), the Court must consider both private and public interest factors. Id. at 879. Private interests include: (1) the plaintiffs' forum preference as manifested by the plaintiffs' original forum choice; (2) the defendants' forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of the books and records. Id. Public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id.

While the Defendants removed this matter to this Court, it appears Defendants no longer prefer New Jersey as a venue, as evidenced by their representation to the Court that they do not oppose a transfer to the Eastern District of Pennsylvania. [See Dkt. Ent. 14]. Similarly, Plaintiffs have not expressed a

2

preference for litigating in the District of New Jersey. [See Dkt. Ent. 13-1]. The relevant events in this case appear to have occurred in Lafayette Hill, Pennsylvania. (Amend. Compl. ¶¶ 3, 4, 10, 11). All Defendants are alleged to be either citizens or residents of Pennsylvania. (Id. at ¶¶ 3, 4, & 5). Plaintiffs attended training programs at Defendant Propel's Lafayette Hill, Pennsylvania office. (Id. ¶ 11). Further, it appears Defendants' alleged breach of contract, fraud and conversion, which gives rise to this civil action, occurred in Pennsylvania. (See generally Amend. Compl.) Pennsylvania therefore has an interest in deciding this local controversy at home.

In addition, as the parties are already litigating a similar matter in the Eastern District of Pennsylvania, the convenience of the parties, convenience to witnesses and location of records also militate in favor of transfer. Moreover, the fact that the related litigation is already pending in the Eastern District of Pennsylvania points to practical considerations of efficiency being best satisfied by transferring the above-captioned matter to the same Court.

In light of the foregoing factors, it appears to be more convenient for the parties and witnesses, and in the interest of justice, to transfer this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

ACCORDINGLY, it is on this **15th** day of **November 2013**, hereby **ORDERED** that this action shall be **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania.

<pre>
                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge
</pre>